IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EDWARD MOORE, # A-70777, | ) |
| Plaintiff, | ) ) ) ) ) |
| vs. | ) Case No. 12-cv-1056-JPG ) |
| DAVID REDNOUR, MIKE ATCHINSON, GLADYSE C. TAYLOR, SALVADOR A. GODINEZ, UNKNOWN PARTY and JOHN SHEPHERD, | ) ) ) ) ) ) ) |
| Defendants. | ) |

MEMORANDUM AND ORDER

GILBERT, District Judge:

Plaintiff, currently incarcerated at Menard Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is serving a life sentence imposed in 1991. Plaintiff's pleadings appear to primarily address issues related to disciplinary segregation, the grievance process and deliberate indifference to serious medical needs.

In support thereof, Plaintiff has submitted a 111 page complaint, including exhibits, consisting primarily of handwritten correspondence and IDOC records. The main portion of the complaint, in each paragraph therein, repeatedly directs the Court to the attached records. Making things more difficult for the Court is the fact that all of Plaintiff's claims lack either dates, names or description of alleged defendants or a statement implicating any defendant in the unconstitutional conduct asserted.

1

>Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." In addition, Rule 8(e)(1)[1] states that "[e]ach averment of a pleading shall be simple, concise, and direct." The primary purpose of these provisions is rooted in fair notice: Under Rule 8, a complaint "'must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is.'" *Wade v. Hopper,* 993 F.2d 1246, 1249 (7th Cir.) (citations omitted), *cert. denied,* 510 U.S. 868, 114 S. Ct. 193, 126 L. Ed. 2d 151 (1993); *see also Jennings v. Emry,* 910 F.2d 1434, 1436 (7th Cir. 1990) (stating that a complaint "must be presented with clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages in search" of what it is the plaintiff asserts). A complaint that is prolix and/or confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation.

*Vicom, Inc. v. Harbridge Merch. Serv., Inc.*, 20 F.3d 771, 775-76 (7th Cir. 1994). *See also Conley v. Gibson*, 355 U.S. 41, 48 (1957); *Dausch v. Rykse*, 52 F.3d 1425, 1430 (7th Cir. 1994).

Here, the Court finds that Plaintiff's complaint does *not* provide a short and plain statement of the claim; it requires the Court and Defendants "to forever sift through its pages" to determine which allegations are made against each Defendant. *Jennings*, 910 F.2d at 1436. Proceeding with this pleading renders it "difficult for . . . defendant[s] to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation." *Vicom*, 20 F.3d at 775-76. The Court will not be put in the position of sorting through 111 pages to discern, formulate and state the basic elements of Plaintiff's case for him.

Plaintiff's complaint (Doc. 1) hereby is **DISMISSED** for failure to comply with Rule 8's mandate of a "short and plain statement of the claim" sufficient to put defendants on notice of the claims against them. Dismissal is without prejudice, and Plaintiff is **GRANTED** leave to file a "First Amended Complaint" in compliance with this Order on or before **November 26, 2012**. It is strongly recommended that Plaintiff use the form designed for use in this District for such

---

[1] Due to subsequent amendments to Rule 8, the requirement that a pleading be concise and direct is now found in Rule 8(d)(1), which states: "Each allegation must be simple, concise, and direct. No technical form is required."

2

actions.  To enable Plaintiff to comply with this order, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form and instructions.

The First Amended Complaint shall present each claim in a separate count, and each count shall specify, *by name*, each Defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that Defendant.  Plaintiff should attempt to include the facts of his case in chronological order, inserting Defendants' names where necessary to identify the actors.  Plaintiff is **ADVISED** to *include only related claims* in his new complaint.  Claims found to be unrelated will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); s*ee generally* FED. R. CIV. P. 20(a)(2).  In addition, at this stage of the litigation, exhibits and affidavits from third parties are unnecessary.  *See* FED. R. CIV. P. 26-37.  Therefore, Plaintiff should refrain from filing unnecessary exhibits or affidavits with the First Amended Complaint.

Any new complaint filed by Plaintiff that is not in strict compliance with this Order will be **STRICKEN**.

**IT IS FURTHER ORDERED** that if Plaintiff fails to file a First Amended Complaint by November 26, 2012 in strict compliance with this Order, this case will be closed for failure to comply with an order of this Court.  FED. R. CIV. P. 41(b).  *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994).

IT IS SO ORDERED.

DATED:   October 23, 2012

      *J. Phil Gilbert*
J. PHIL GILBERT
United States District Judge